IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BRENT COLE, SR.,**
**No. 461504,**
      **Petitioner,**

vs.                                                       Case No. 18–cv–85-DRH

**MENARD CORRECTIONAL CENTER,**

      **Defendant.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On January 11, 2018, Brent Cole, Sr., who is currently incarcerated at Menard Correctional Center, filed this Petition pursuant to 28 U.S.C. § 2254. Petitioner seeks to challenge his 2016 Illinois state conviction on multiple grounds (St. Clair County Circuit Court No. 15-cf-802).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." After carefully reviewing the Petition, the Court concludes that the Petition must be dismissed.

1

**Background**

On January 11, 2016, Petitioner pled guilty to two counts of aggravated battery (Case No. 15-cf-802). (Doc. 1, p. 1). Petitioner was sentenced to 6 ½ years' imprisonment on the same date. *Id.* Petitioner admits that he did not file a direct appeal. (Doc. 1, pp. 3-11).

According to the Petition, on December 27, 2017, Petitioner filed a motion for post-conviction relief with the trial court. (Doc. 1, p. 3). According to the Petition, the motion challenges the validity of Plaintiff's guilty plea and is "still pending." (Doc. 1, p. 3).[1]

The instant Petition was filed on January 11, 2018. (Doc. 1). Petitioner asserts that his conviction and sentence are void based on the following: (1) Petitioner was mentally unstable at the time he entered his plea, thus his plea was not knowing and voluntary (grounds 1 and 2 in the Petition); (2) he was subjected to an inadequate standard of living (ground 3 in the Petition); and (3) he was charged with aggravated battery, but should have been charged with simple assault (ground 4 in the Petition). (Doc. 1, pp. 3-11). The Petition suggests that these issues have also been raised in Petitioner's pending state court motion. (Doc. 1, pp. 3, 5, 7, 9, 11).

---

[1] Petitioner states that his pending post-conviction motion is based on the following: (1) his attorney gave the presiding judge improper information regarding the medication he was taking; (2) Plaintiff was forced to be a witness against himself; and (3) the plea was not knowing or voluntary because Plaintiff was not in his "right state of mind." (Doc. 1, p. 3). The Petition also suggests that all of the grounds raised in the instant Petition are being raised in his pending post-conviction motion. (Doc. 1, pp. 5, 7, 9, 11).

Petitioner claims that a number of circumstances prevented him from exhausting his state court remedies and from filing the instant Petition at an earlier date. (Doc. 1, p. 13). Specifically, Plaintiff references the following alleged impediments: (1) Menard does not have reasonable access to law books and law clerks; (2) MSU lockdowns and/or being on lockdown when Plaintiff was housed in receiving hindered Plaintiff's ability to file a timely motion to withdraw his guilty plea and/or vacate his sentence; (3) flooding at Menard hindered Plaintiff's ability to challenge his conviction and sentence; and (4) it often takes several weeks to obtain law library access and, once access is obtained, inmates are only allowed to research for one hour. *Id*.

## Discussion

**Exhaustion, Procedural Default, and Timeliness**

In the instant case, there are clear indications that the Petition is untimely, unexhausted, and procedurally defaulted. However, a habeas claimant may attempt to excuse a procedural default by showing cause and prejudice. *Wainwright v. Sykes,* 433 U.S. 72, 90 (1977). Additionally, with regard to timeliness, certain state created impediments may warrant statutory tolling under § 2244(d)(1)(B). *See Estremera v. U.S.*, 724 F.3d 773, 776 (7th Cir. 2013) ("Lack of library access can, in principle, be an 'impediment' to the filing of a collateral attack."). Petitioner has raised arguments that implicate cause and prejudice as well as statutory tolling. Accordingly, absent a more developed record, the Court cannot dismiss the Petition on these grounds.

**Abstention**

According to Petitioner, he currently has a post-conviction motion pending challenging the validity of his guilty plea. If the trial court were to grant that motion and set aside Petitioner's guilty plea, the criminal matter would clearly be ongoing, and this case would be barred by the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts are required to abstain from interference in ongoing state proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)). The *Younger* abstention doctrine is implicated here because the ongoing proceeding is judicial in nature and involves the important state interest of adjudicating whether Petitioner's guilty plea should be set aside. Further, there is no indication that the state proceedings would not provide Petitioner with an adequate opportunity for review of any constitutional claims. And finally, no extraordinary circumstances are apparent which require federal intervention at this stage.

## **DISPOSITION**

The Petition for a Writ of Habeas Corpus (Doc. 1) is **DISMISSED** without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The

ongoing adjudication of Petitioner's criminal case leads the Court to conclude that it should abstain from intervening in this pending matter.

Should Petitioner desire to appeal this Court's ruling, he must first secure a certificate of appealability, either from this Court or from the Seventh Circuit Court of Appeals. *See* FED. R. APP. P. 22(b); *see also* 28 U.S.C. § 2253(c)(1). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."

This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). While a Petitioner need not show that his appeal will succeed, Miller-El v. Cockrell, 537 U.S. 322, 337 (2003), he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Id*. at 338 (citation omitted). If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. *See* FED. R. APP. P. 22(b)(1)-(3).

For the reasons detailed above, the Court has determined that Petitioner is not entitled to relief at this time because he has a pending post-conviction motion challenging his guilty plea and the Court should abstain from intervening. Furthermore, the Court finds no basis for a determination that its decision is debatable or incorrect. Thus, Petitioner has not made "a substantial showing of the denial of a constitutional right."

**IT IS THEREFORE ORDERED** that a certificate of appealability shall **NOT** be issued. The Clerk is **DIRECTED** to enter judgment accordingly and close this case.

**IT IS SO ORDERED.**

Judge Herndon
2018.02.02
15:03:25 -06'00'

**United States District Judge**